IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASSON RAY,<br><br>   Plaintiff,<br> v.<br><br>SHERIFF NICK HUNTER,<br><br>   Defendant. | Case No.: 6:25-cv-00589-AN<br><br><br><br>OPINION AND ORDER |

Plaintiff Jasson Ray, who is incarcerated and self-represented, brings this civil rights action against defendant Sheriff Nick Hunter[1] for alleged violations of the Eighth Amendment, Sixth Amendment, and Americans with Disability Act ("ADA").  Defendant moved to dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  After reviewing the parties' filings, the Court finds that oral argument will not help resolve this matter.  Local R. 7-1(d).  For the reasons described below, defendant's motion is GRANTED.  If plaintiff wishes to file a second amended complaint, he may do so within thirty (30) days.

## LEGAL STANDARDS

**A. Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l*

---

[1] Plaintiff initially named multiple defendants, *see* Compl., ECF 1, but upon filing an amended complaint, names only defendant Sheriff Nick Hunter, *see* 1st Am. Compl., ECF 14.

1

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The court must draw all reasonable inferences from the factual allegations in the plaintiff's favor.  *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).  The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.     Self-Represented Litigants**

Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers."  *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt."  *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 392 (9th Cir. 2004)).  Further, "[u]nless it is absolutely clear that no amendment can cure the defect," self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

//

**BACKGROUND**

**A.      Factual Allegations**

Plaintiff alleges the following facts.  Plaintiff suffers from amyotrophic lateral sclerosis ("ALS") and "severe mental issues."  1st Am. Compl. ("FAC"), ECF 14, at 3.  Despite plaintiff's health conditions, defendant, as sheriff of the Marion County Jail, has allegedly kept plaintiff "lock[ed] . . .  down" in solitary confinement for twenty-four hours per day, seven days per week, for two months straight.  *Id.* at 3-4. Plaintiff alleges that defendant is responsible for any resulting harm because defendant is "ultimately [plaintiff's] keeper."  *Id.* at 4.  In a supplemental statement, plaintiff additionally alleges that this is the third time in a row that Marion County Jail has kept adults locked down for twenty-three hours at a time.  Pl. Statement of Truth, ECF 15, at 1.

**B.      Procedural Background**

On April 10, 2025, plaintiff filed his initial complaint in this action, ECF 1, and an application to proceed in forma pauperis, ECF 2.  On May 20, 2025, the Court granted plaintiff's application to proceed in forma pauperis and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  *See* Order to Dismiss, ECF 13.  On June 2, 2025, plaintiff filed the operative first amended complaint, ECF 14, and an accompanying "Statement of Truth," ECF 15.  The amended complaint alleges violations of the Eighth Amendment, Sixth Amendment, and ADA.  FAC 4.  Based on these alleged violations, and pursuant to 42 U.S.C. § 1983, plaintiff seeks declaratory relief, injunctive relief, and forty million dollars in punitive damages. *See id.* at 5.

On August 6, 2025, defendant filed a motion to dismiss for failure to state a claim.  Def. Mot. to Dismiss ("Def. Mot."), ECF 18.  Plaintiff filed a response in opposition on September 11, 2025.  Pl. Resp. to Def. Mot. ("Pl. Resp."), ECF 21.

**DISCUSSION**

**A.      Defendant's Capacity**

As a preliminary matter, it is not clear whether plaintiff intends this to be an individual capacity or

official capacity suit.  County employees such as defendant may be sued in their individual capacity or in their official capacity.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985).  Individual capacity suits seek to hold the named government official personally liable for actions that individual took "under color of state law."  *Id.* at 166.  Official capacity suits, by contrast, "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.* at 165-66 (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 568, 690 & n.55 (1978)).  When a government employee is sued in their official capacity, the "suit is, in all respects other than name, to be treated as a suit against the [governmental] entity."  *Id.* at 166.  To determine whether an action is an individual or official capacity suit, courts "look to the case's caption, statements [made] in [pleadings] and other [filed] papers, and statements made in court."  *Doe By & Through Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1577 (N.D. Cal. 1993) (citing *California v. Harvier*, 700 F.2d 1217 (9th Cir. 1983)).

Neither the caption of the amended complaint nor the statements made in plaintiff's filings offer clear guidance here.  On one hand, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA."  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Since plaintiff is seeking to vindicate his rights under the ADA, it stands to reason that this should be treated as an official capacity suit.  On the other hand, plaintiff is seeking punitive damages, and Section 1983 does not allow for punitive damages in official immunity suits.  *See Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996) ("Although a municipality may be liable for compensatory damages in § 1983 actions, it is immune from punitive damages under the statute.").  Bearing in mind the leniency plaintiff is due as a self-represented litigant, the Court considers plaintiff's claims against defendant in both his individual and official capacities as appropriate.

**B.      Eighth Amendment Claim**

Plaintiff's allegations are insufficient to state a claim for relief under the Eighth Amendment.  The Eighth Amendment, which prohibits cruel and unusual punishment, forbids "the unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation  and quotation marks omitted).  "[U]nconstitutional conditions of confinement" may be found to violate this prohibition.  *Starr v. Baca*,

4

652 F.3d 1202, 1206 (9th Cir. 2011).

Beginning with individual liability, plaintiff alleges that defendant is "ultimately [plaintiff's] keeper." FAC 4. The Court construes this as an allegation that defendant is liable based on his status as a supervisor. "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability— of that supervisor." *Starr*, 652 F.3d at 1206-07. However, plaintiff has not alleged that defendant had "knowledge of and acquiesce[ed] in unconstitutional conduct by his . . . subordinates." *Id.* at 1207. Without such allegations, plaintiff cannot state an Eighth Amendment claim against defendant in his individual capacity. To the extent that plaintiff intended to allege that defendant was personally involved in the constitutional deprivation, the allegations in the first amended complaint do not support that inference. Plaintiff does not allege that defendant's personal conduct violated plaintiff's constitutional rights—only that defendant served as plaintiff's keeper. Plaintiff has therefore not stated an Eighth Amendment claim against defendant in his individual capacity.

Nor has plaintiff stated a sufficient Eighth Amendment claim against defendant in his official capacity as a Marion County sheriff. To state an official capacity claim against a county employee under Section 1983, a plaintiff must allege "(1) [that the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)). The policy requirement may be satisfied by alleging that the government is acting "pursuant to an expressly adopted policy," that it is following a "longstanding practice or custom," or that the individual responsible for the constitutional violation had final policy-making authority or "ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 973-74 (citations and quotation marks omitted). Here, plaintiff has not alleged such a policy. At most, plaintiff alleges that Marion County Jail has unconstitutionally held inmates in lock down three times. *See* Pl. Statement of Truth 1. That allegation does not amount to an expressly adopted policy, a longstanding practice, or a decision made or

ratified by a person with final policy-making authority.

Plaintiff has not stated a claim under the Eighth Amendment. Plaintiff's Eighth Amendment claim is dismissed accordingly. However, because it is not clear that plaintiff cannot state a viable claim under the Eighth Amendment, dismissal of this claim is without prejudice and with leave to amend.

**C.     Sixth Amendment Claim**

Plaintiff also does not state a viable claim for relief under the Sixth Amendment, regardless of defendant's capacity. The Sixth Amendment concerns the rights a person is afforded when they are accused of a crime. *See* U.S. Const. amend. VI. For example, the Sixth Amendment provides a criminal defendant with the right to a speedy trial and assistance of counsel. *Id.* However, "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). To the extent that plaintiff complains of his lack of counsel in this action, that is not sufficient to state a claim for relief. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff is not entitled to counsel here. To the extent that plaintiff wishes to challenge the conditions of his confinement, the Sixth Amendment is not the appropriate avenue for that challenge. *See Davis v. Mandrigal*, No. 2:24-cv-1296 AC P, 2025 WL 2144064, at *2 (E.D. Cal. July 29, 2025) ("The Sixth Amendment applies to criminal prosecutions, not to prison disciplinary proceedings."); *Hernandez v. Las Vegas City*, No. 2:22-cv-01961-ART-EJY, 2023 WL 11828299, at *2 (D. Nev. June 28, 2023) ("[C]laims for ineffective assistance of counsel is not recognized under § 1983 because specific appellate and habeas statutes apply." (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004))). Because plaintiff cannot state a claim for relief under the Sixth Amendment, his Sixth Amendment claim is dismissed with prejudice.

**D.     Americans with Disability Act Claim**

Finally, plaintiff has not sufficiently alleged a claim for relief under the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he was either excluded from

6

participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." *Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014). This second prong additionally requires public entities to "'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130). Public entities are not required, however, to make modifications that "would fundamentally alter the nature of the service, program, or activity." *Id.* (quoting 28 C.F.R. § 35.130).

To recover monetary damages under the ADA, a plaintiff must additionally show "intentional discrimination on the part of the defendant," which means a plaintiff must allege "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). To show intentional discrimination, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the defendant failed to provide" and show that the failure to provide these accommodations "involve[d] an element of deliberateness." *Id.* at 1140 (quoting *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999)). Deliberate indifference may be found where the entity was on notice of the plaintiff's need for accommodation—meaning the plaintiff's need was obvious or the plaintiff alerted the entity to his required accommodation—but the entity nonetheless failed to provide the required accommodation. *Id.* at 1139.

The ADA applies to correctional facilities. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Pierce*, 526 F.3d at 1214. However, the rights of incarcerated persons under the ADA "must be analyzed 'in light of effective prison administration.'" *Pierce*, 526 F.3d at 1216 (quoting *Gates v. Rowland*, 39 F.3d 1439, 1446 (9th Cir.1994)). This means that an incarcerated plaintiff must allege "that the challenged prison policy or regulation is unreasonable." *Id.* at 1217.

Plaintiff has adequately alleged that he has a disability. He alleges that he has ALS and that he suffers from serious mental issues, which the Court reads liberally to mean a disabling mental illness. However, plaintiff has not sufficiently alleged that he requires modifications because of his disability.

Plaintiff challenges Marion County Jail's practice of continuously holding inmates in solitary confinement, and specifically, holding plaintiff in solitary confinement for two months straight.  It appears that plaintiff's requested modification is to release him from this confinement for at least some period of time.  But plaintiff does not allege how this modification is necessary "to avoid discrimination on the basis of [his] disability." *Id.* at 1215.  That missing link is needed to state a viable ADA claim.

Additionally, plaintiff has not alleged deliberate indifference, which is required when seeking monetary damages under the ADA.  Plaintiff has not identified what specific, reasonable accommodations he requires, nor has he alleged that defendant was on notice as to his disabilities and his need for accommodation.

Because plaintiff has failed to state a claim for relief under the ADA, plaintiff's ADA claim is dismissed.  However, because it appears plaintiff could potentially correct the identified deficiencies to successfully state an ADA claim, dismissal of this claim is without prejudice and with leave to amend.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

For the reasons stated herein, defendant's motion to dismiss, ECF 18, is GRANTED. Plaintiff's Sixth Amendment claim is DISMISSED with prejudice. Plaintiff's remaining claims are DISMISSED without prejudice and with leave to amend. If plaintiff wishes to file a second amended complaint addressing the deficiencies identified in this Opinion and Order, he may do so within thirty (30) days.

If plaintiff chooses to file a second amended complaint, he is advised to first review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself. Plaintiff may not add any new claims or defendants to such amended complaint without leave of the Court.

IT IS SO ORDERED.

DATED this 17th day of March, 2026.

_____
Adrienne Nelson
United States District Judge